UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER M. AJLUNI, M.D.,

      Plaintiff,

Case No. 92-74098-DT

vs.

Honorable George Caram Steeh

THE CHARTER TOWNSHIP OF
BROWNSTOWN,

L.C. No. 92-216835-CH

      Defendant.

| | |
|---|---|
| Alan M. Greene (P31984) | Stephen J. Hitchcock (P15005) |
| Dykema Gossett PLLC | Cox, Hodgman & Giarmarco PC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 39577 Woodward Avenue, Suite 300 | 101 W. Big Beaver Road, 10th Floor |
| Bloomfield Hills, MI 48304 | Troy, MI 48084 |
| (248) 203-0757 | (248) 457-7000 |

**FIRST AMENDMENT TO CONSENT JUDGMENT**

A Consent Judgment having been entered on April 18, 1994, in the above case with respect to a mixed-use real estate development (the "Project") in Brownstown Township; the parties having agreed to modify the Consent Judgment to reflect further agreements reached regarding the ongoing development of the Project; the Township Board having unanimously authorized and approved of the amendment to the Consent Judgment at its regular meeting held on May 1, 2006; and the Court being fully advised in the premises;

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. Tanglewood Village, L.L.C., a Michigan limited liability company, having purchased the property covered by this Amended Consent Judgment from plaintiff Roger M. Ajluni, M.D. ("Ajluni"), and having succeeded to all the rights and obligations of Ajluni set forth in the

Consent Judgment, as amended, is hereby substituted as the party plaintiff in the place of Ajluni, and the caption shall be amended to reflect such substitution of parties.

    2.   Paragraph 5 of the original Consent Judgment dated April 18, 1994, shall be deleted in its entirety and replaced with the following:

> 5.   The mixed-use planned unit development (PUD) for the subject property (now known as the Tanglewood PUD), approved by the Township in 2000, shall be completed in the following manner:
>
> a.   The horizontal development activities for the site, including the mass grading, storm water detention, installation of main service drives for the PUD, entrance landscaping and lighting, common park area and clubhouse, shall be constructed concurrently.
>
> b.   Although it is intended that the vertical construction of the components of the PUD—the commercial, multi-family and single family dwellings be completed at or about the same time period, it is recognized that the actual progress of vertical construction for each of the components is likely to be different based on market conditions and other factors.
>
> c.   Vertical construction of the multi-family shall commence no later than when three quarters of the residential homes are erected and occupied. The developer may construct the multi-family portion of the PUD in phases, the smallest of such phase being a single building. The developer shall construct the next building or phase no later than sixty (60) days after fifty (50%) of the units of the existing phase have been sold and issued certificates of occupancy, provided that reasonable variances will be permitted for weather conditions and time of the year. Any phasing of the multi-family construction must occur in a logical manner beginning at one end of the project and progressing continuously to the other end of same.
>
> d.   Within thirty (30) days of approval of this amendment by the Township Board, the owner/developer shall deliver to the Township an irrevocable letter of credit from a banking institution authorized to do business in Michigan in the amount of $50,000, which shall provide that in the event that vertical construction of the multi-family project is not commenced within five (5) years from the date of the Township's approval of this amendment, the

>Township may draw on the full amount of the letter of credit and such funds may be used by the Township for any purpose in the exercise of the Township's sole and absolute discretion.
>
>e.  The construction and phasing plan set forth in this paragraph 5 may be further amended by the parties without the necessity of amending this Consent Judgment, but only by an agreement in writing signed by both the Township and the owner/developer in the exercise of each of their sole and absolute discretion."

3.  Except as modified herein, all of the terms and conditions of the original Consent Judgment shall remain in full force and effect.


Dated: May 15, 2006                     s/George Caram Steeh
                                      United States District Judge

Approved for entry as to both form and substance:


s/Alan M. Greene
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304
(248) 203-0757
agreene@dykema.com
P31984



s/with consent of Stephen J. Hitchcock
COX, HODGMAN & GIARMARCO PC
101 W. Big Beaver Road, 10th Floor
Troy, MI  48084
(248) 457-7000
sjh@chglaw.com
P15005

BH01\625692.1
ID\AMG