UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANGLEWOOD VILLAGE, L.L.C., a
Michigan limited liability company,

       Plaintiff,                                Case No. 92-74098-DT

vs.                                                  Honorable George Caram Steeh

THE CHARTER TOWNSHIP OF              L.C. No. 92-216835-CH
BROWNSTOWN,

       Defendant.

| Alan M. Greene (P31984) | Kevin J. Foley (P40051) |
|---|---|
| Dykema Gossett PLLC | Foley & Robinette PC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 39577 Woodward Avenue, Suite 300 | 13349 Reeck Road, Regency Park |
| Bloomfield Hills, MI 48304 | Southgate, MI  48195 |
| (248) 203-0757 | (734) 283-4000 |

## SECOND AMENDMENT TO CONSENT JUDGMENT

A Consent Judgment having been entered on April 18, 1994, in the above case with respect to a mixed-use real estate development (the "Project") in Brownstown Township, as thereafter modified by a First Amendment to Consent Judgment entered by the Court on May 15, 2006 (collectively, the "Consent Judgment"); the parties having agreed to modify the Consent Judgment to reflect further agreements reached regarding the ongoing development of the Project; the Township Board having authorized and approved of the second amendment to the Consent Judgment (the "Second Amendment") at its regular meeting held on May 2, 2011; and the Court being fully advised in the premises;

      IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.      The following terms and conditions shall be incorporated in and made a part of the Consent Judgment:

   a.      **Elimination of Connection Between Development of the Single Family Manufactured Housing and Multi Family Development.**  All requirements of the Consent Judgment tying the erection and occupation of the manufactured houses to any vertical development of the multi family component of the Tanglewood PUD are hereby eliminated.  Any further development and construction of the multi family component of the Tanglewood PUD, although treated as part of the overall PUD and subject to, among other things, all required common area and road maintenance, repair and other obligations and cross access easements, shall otherwise be treated as an independent development component of the Tanglewood PUD.  The multi-family component of the Tanglewood PUD is situated on approximately 13 acres of land, which is more particularly described and depicted on Exhibit A hereto (the "Multi-Family Property"), and is currently by Wyngate, LLC ("Wyngate"), a Michigan limited liability company.

   b.      **Uses Permitted on the Multi Family Property.**  In addition to the multi family condominium use, the Multi Family Property may be used for construction and development of any use now permitted in the RM1 and RM2 zoning classifications as set forth in the Township's Zoning Ordinance, including rental apartments, senior housing or congregate care facilities, and single family housing.   No further manufactured housing or expansion of the current

manufactured housing component of the Tanglewood PUD shall be permitted on the Multi-Family Property.

  c. **Site Planning and Engineering**.  For any proposed development of the Multi Family Property, Wyngate shall follow the site planning and engineering procedures and requirements of the Zoning Ordinance.  The Township shall consider and act upon such site plan, engineering and other development approval requests expeditiously and shall not unreasonably withhold or delay its approvals of such requests.  In that the site improvements have already been undertaken for development of the Multi Family Property, the Township shall not require the submission of any road or traffic studies, environmental or tree surveys or sewer and water studies.  It is agreed that any open space or recreation requirements for the uses identified in paragraph b above, are satisfied by the open space/park areas already provided as part of the Tanglewood PUD.

  d. **Development of the Multi Family Property by Wyngate**. Wyngate shall pursue in good faith the development or sale of the Multi Family Property.  If Wyngate or a joint developer, successor or assign of Wyngate commences vertical construction of an approved project on the Multi Family Property on or before the expiration of twenty-four (24) months from the date of this Second Amendment, Wyngate shall make the following payments to the Township -- $25,000 upon issuance of the first building permit for any vertical construction; $25,000 upon issuance of the first certificate of occupancy (temporary or permanent) for a residential unit, site or building; $25,000 upon

3

the one (1) year anniversary of the issuance of the first occupancy permit; and $50,000 upon the two (2) year anniversary of the issuance of the first occupancy permit.  The Township Board in the exercise of its reasonable discretion may extend the twenty-four month period if the Township has received and is still processing for approval an application for site plan approval for development of the Multi-Family Property.  If Wyngate does not commence vertical construction on the Multi-Family Property within the 24-month period (or such extended time period as approved by the Township above), then at Wyngate's option, Wyngate may (a) pay the Township a lump-sum payment of $125,000 within thirty (30) days following the expiration of the construction commencement time period, or (b) elect to proceed to the sale of the Multi-Family Property in accordance with paragraphs e and f below.

      e.     **Sale of the Multi Family Property**.  If Wyngate does not commence vertical construction of an approved project on the Multi Family Property within the 24-month period described above (or such extended period as approved by the Township), and if Wyngate elects to not pay the Township a lump sum payment in the amount of $125,000, the Multi Family Property shall be listed for sale with a mutually acceptable real estate broker with knowledge and experience in the Brownstown residential market.  Prior to such listing, Wyngate shall remove the encumbrance of any mortgage from the Multi Family Property and the Property shall be made available for sale free of any mortgage encumbrance.  The listing price shall be mutually agreed upon by the parties in the exercise of reasonable discretion, but shall not be greater than the market

value of the Property. Any proposed sale price and terms of sale of the Multi Family Property within the initial eight (8)-month period after the listing date that is less than or equal to $300,000, shall require the mutual consent of Wyngate and the Township, which consent shall not be unreasonably withheld by either party. In the event that no agreement of sale is entered into for the Multi Family Property within the first eight (8) months of listing as described above, the terms and price of any sale thereafter shall be determined solely by the Township in the exercise of its reasonable discretion. Wyngate shall execute all such documents reasonably required to consummate a sale of the Multi-Family Property in accordance with the terms of this paragraph. In any event, at no time will Wyngate be required to finance any portion of the sale as land contract vendor or otherwise, nor shall Wyngate be required to provide any warranties except for warranties of title or incur other unreimbursed out of pocket expenses in connection with the sale of the Multi Family Property.

      f.    **Distribution of Sales Proceeds**. The net proceeds (the amounts available to the seller after deduction of all expenses, closing costs, attorneys' fees, title insurance fees and premiums, prorations, commissions and the like) of the sale will be distributed as follows:

        a.    The first $125,000 to the Township;

        b.    Amounts between $125,001 and $300,000, will be distributed 50% to Wyngate and 50% to the Township;

        c.    Any amounts over $300,000 to Wyngate.

2.    All terms and conditions of the Consent which conflict with or are inconsistent with this Second Amendment, including without limitation, paragraph 5 of the Consent

Judgment, shall be null and void and of no further force and effect. Except as modified herein and provided above, all of the terms and conditions of the original Consent Judgment shall remain in full force and effect.

Dated: May 20, 2011    s/George Caram Steeh
United States District Judge

Approved for entry as to both form and substance:

s/ Alan M. Greene
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0757
agreene@dykema.com
P31984

s/ Kevin J. Foley
FOLEY & ROBINETTE PC
13349 Reeck Road
Regency Park
Southgate, MI 48195
(734) 283-4000
kfoley@frlawpc.com
P40051

6

EXHIBIT A

LEGAL DESCRIPTION
WINDGATE CONDOMINIUMS AT
TANGLEWOOD P.U.D.

THAT PART OF SECTION 29, T4S, R10E,
BROWNSTOWN TOWNSHIP, WAYNE COUNTY, MICHIGAN DESCRIBED AS:
BEGINNING AT CENTER CORNER OF SAID SECTION 29
THENCE ALONG NORTH AND SOUTH 1/4 LINE OF SAID SECTION 29
S 00°04'31" W 655.47 FEET;
THENCE N 52°39'30" W, 353.39 FEET;
THENCE S 27°04'30" W, 60.00 FEET;
THENCE N 52°39'30" W, 81.90 FEET;
THENCE S 29°24'30" W, 422.15 FEET;
THENCE N 52°46'12" W, 294.03 FEET;
THENCE S 27°04'30" W, 341.88 FEET;
THENCE S 48°15'20" E, 184.80 FEET;
THENCE S 59°34'10" E, 150.37 FEET;
THENCE S 38°13'00" E, 178.84 FEET;
THENCE S 43°21'10" E, 30.15 FEET;
THENCE S 88°58'47" E, 570.74 FEET TO THE POINT OF BEGINNING.
SUBJECT TO THE RIGHTS OF THE PUBLIC
OVER THAT PORTION USED FOR ROADWAY PURPOSES.
ALSO SUBJECT TO OTHER EASEMENTS OF RECORD.
SAID PARCEL CONTAINS 567,398.44 SQUARE FEET (13.03 ACRES), MORE OR LESS.

| SCALE | | ANAYAS ENGINEERING INC. | APPROVED BY | J. R. ANAYAS |
|---|---|---|---|---|
| DATE | 02-24-99 | | DRAWING NUMBER | 3 OF 5 |
| REVISED | | | | |

BH01\625692.3
ID\AMG - 077379/0003